SO ORDERED.

Dated: September 30, 2024



*Madeleine C. Wanslee*

**Madeleine C. Wanslee, Bankruptcy Judge**

# IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re: | (Chapter 7 Case) |
| RICHARD BUTCH MEDEIROS AND SAMMIE-LYNN COLOMA CADACIO-MEDEIROS, | No. 2:23-bk-08961-MCW |
| | **ORDER APPROVING TRUSTEE'S APPLICATION TO COMPROMISE A CLAIM** |
| Debtors. | |

After thorough consideration of the *Motion to Compromise a Claim of the Estate and Compensate Special Counsel* ("**Motion**") filed by Robert A. MacKenzie, Trustee, ("**Trustee**") and good cause appearing therefor;

**THE COURT FINDS** that the settlement is in the best interest of the Estate, that the settlement has been duly noticed, with no objections having been received and all other requirements of Bankruptcy Rule 9019 having been satisfied;

**IT IS HEREBY ORDERED** approving Trustee's Motion, which is attached hereto as **Exhibit A**.

**DATED AND SIGNED ABOVE**

# EXHIBIT "A"

**LANE & NACH, P.C.**
2001 East Campbell Ave., Ste. 103
Phoenix, AZ 85016
Telephone No.: (602) 258-6000
Facsimile No.: (602) 258-6003
Stuart B. Rodgers – 025720
Email: stuart.rodgers@lane-nach.com
Helen K. Santilli - 032441
Email: helen.santilli@lane-nach.com

*Attorneys for Robert A. MacKenzie, Trustee*

## IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re: | (Chapter 7 Case) |
| RICHARD BUTCH MEDEIROS AND SAMMIE-LYNN COLOMA CADACIO-MEDEIROS, | No. 2:23-bk-08961-MCW |
| | **MOTION TO COMPROMISE A CLAIM OF THE ESTATE** |
| Debtors. | **[PULTE CLAIM]** |

Robert A. MacKenzie, Chapter 7 Trustee ("**Trustee**"), by and through undersigned, hereby files this *Motion to Compromise a Claim of the Estate and Compensate Special Counsel* ("**Motion**") which seeks a Court Order compromising a claim of the Estate. In support of this Motion, Trustee submits the following Memorandum of Points and Authorities and the entire record of this Chapter 7 administrative case.

## <u>MEMORANDUM OF POINTS AND AUTHORITIES</u>

### I.    FACTUAL BACKGROUND

1.      This case was commenced by a Voluntary Petition filed by Richard Butch Medeiros and Sammie-Lynn Coloma Cadacio-Medeios under Chapter 7 of Title 11 of the United States Code on December 14, 2023 ("**Petition Date**").

2.      Robert A. MacKenzie is the duly appointed and acting Trustee in this case.

3.      Among the assets of this Estate is the Debtors' real property located at 21773 N. 259th Avenue, Buckeye, Arizona 85396 ("**Real Property**").

4.      Among the assets of this Estate is a cause of action against Pulte Home Corp. et al.

(AAA Case No. 01-22-003-8616) related to Debtors' Real Property; more specifically, a claim for a construction defect ("**Claim**").

5. The Claim is a single claim, which is part of a mass action with various confidentiality provisions.

6. The Trustee asserts that the Claim and resulting proceeds are property of the Estate pursuant to 11 U.S.C. §§ 541 and 542. Debtors agree the Claim is part of the Estate but assert the resulting proceeds are exempt, as more fully explained below.

7. The Debtors claimed a homestead exemption of $400,000.00 pursuant to A.R.S. § 33-1101(A). (DE 22, pg. 2).

8. The Debtors Claimed an exemption in the Claim (as defined below) pursuant to A.R.S. § 33-1126(A)(5). (DE 9, pg. 10). The Trustee objected and the Debtors withdrew the exemption. (DE 24 and 25).

9. Notwithstanding the Trustee's objection, their withdrawal of the amended exemption, and the Trustee's position that the exemption is inapplicable, the Debtors have again asserted an exemption in the Claim. The Trustee anticipates the Debtors will file a second amended Schedule C (to which the Trustee will again object, including on the grounds that the objection has been waived and/or is *res judicata*). Nonetheless, the Debtors have agreed to allow the Trustee to compromise the Claim as proposed herein and the Trustee will hold the net funds pending further Court Order.

10. Pre-petition, and on or about March 7, 2023, Debtors hired Kasdan Turner Thomson Booth LLP to represent them with respect to the Claim ("**Special Counsel**"). The parties entered into a contingency fee agreement whereby Special Counsel would be awarded a one third contingency fee (33.33%) of any gross recovery, plus reimbursement of out of pocket costs.

11. By Order dated March August 21, 2024, the Court approved the employment of Special Counsel. (DE 28).

B. SETTLEMENT PROPOSAL

12. Special Counsel has negotiated a gross settlement award of **$25,264.01** ("**Gross**

**Settlement Amount**").

13. Trustee believes the settlement is appropriate after consideration of all of the circumstances. In consideration of the aforesaid payment, the parties will release any and all claims which they may have against each other.

14. The proposed distribution is detailed as follows:

| Gross Settlement | **$25,264.01** |
|---|---|
| Attorney Fees | ($8,421.34) |
| Attorney Costs | ($679.10) |
| Expert Fees | ($4,383.71) |
| Total to the Estate: | **$11,779.86** |

15. Upon the terms of the settlement being satisfied, the net remaining balance of the settlement proceeds, in the anticipated amount of **$11,779.86** ("**Net Settlement Amount**"), shall be distributed by Special Counsel to the Trustee.

16. To the extent that any formal releases may be required, Trustee seeks authority to execute any such release(s) in order to receive the Net Settlement Amount. The release is unconditional, and the release includes any causes of action that Debtors might have held arising from the Claim.

17. The proposed compromise of the Claim ("**Agreement**") includes:

    a.    Upon the terms of the Claim settlement being satisfied, the Net Settlement Amount of **$11,779.86** shall be distributed to **"Robert A. MacKenzie, Trustee"** and mailed directly to Robert A. Mackenzie;

    b.    Special Counsel shall be permitted to retain their contingency attorney fees in the amount of $8,421.34;

    c.    Special Counsel shall be permitted to retain their costs in the amount of $679.10;

    d.    Special Counsel shall be permitted to pay the Expert Fees of $4,383.71;

    e.    Trustee shall receive credit pursuant to 11 U.S.C. § 326 for any distributions made from the Gross Settlement Amount, except for any distributions to the Debtors (if any);

    f.    This agreement constitutes the entire understanding between the parties

with respect to the subject matter of the Debtors' interest in the Gross Settlement Amount and supersedes all negotiations, prior discussions and prior agreements and understandings relating to such subject matter;

g.    This agreement is entered into between the parties as a compromise of claims disputed as to amount and is executed solely for the purpose of avoiding the cost and uncertainty of litigation. None of the parties, by entering into this agreement, admits lack of merit to their respective positions or merit of opposing positions;

h.    If any term, covenant, condition or provision hereof as specifically related to the Debtors' interest in the Gross Settlement Amount is illegal, invalid or unenforceable for any reason whatsoever, such illegality or invalidity or unenforceability shall not affect the legality, validity or enforceability of the remaining parts hereof;

i.    Upon receipt of the Net Settlement Amount and an Order approving the terms set forth herein, the Estate's claims, right, or interest in the Claim shall be deemed resolved;

j.    Nothing herein waives the Estate's interest in any future distributions or funds in connection with this Claim. In the event additional funds are received or allocated related to this Claim, the Trustee will file a Report of Receipt evidencing the same; and

k.    This Agreement is expressly contingent upon entry of a Court Order approving the terms set forth herein.

18. Trustee believes that the agreement proposed herein is in the best interests of the Estate.

19. Trustee believes that the fees and costs incurred by Special Counsel are reasonable.

20. Special Counsel has verified that there are no liens that attached to this settlement.

## C.    LEGAL AUTHORITY

This Court has jurisdiction over Debtors' Chapter 7 case under 28 U.S.C. § 1334. Proceedings with respect to this Motion are core proceedings that the Court may hear and decide.

*See* 28 U.S.C. § 157(b)(1) and (b)(2)(A) and (E). Moreover, venue is appropriate pursuant to 28 U.S.C. § 1408(1).

The requested relief is authorized by Rule 9019(a) of the Federal Rules of Bankruptcy Procedure which provides as follows:

> On motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement. Notice shall be given to creditors, the United States Trustee, the debtor, the indenture trustee as provided in Rule 2002 and to any other entity as the court may direct.

The Trustee, in the exercise of Trustee's best business judgment and in consideration of the requirements of *A & C Properties*, 784 F.2d 1377 (9th Cir. 1986), *In re Woodson*, 839 F.2d 610 (9th Cir. 1988), and *In re Schmitt*, 215 B.R. 417 (9th Cir. BAP 1997), believes that the proposed compromise and settlement is an appropriate resolution of this matter.

Bankruptcy courts have broad discretion in approving compromise agreements. *Woodson*, 839 F.2d at 620. The Court may approve a compromise if it is fair and equitable. *Id.* In determining the fairness and adequacy of a proposed compromise agreement, the Court should consider the following four factors: (1) the probability of success in litigation; (2) the difficulties, if any, to be encountered in collection; (3) the complexity of the litigation involved as well as the expense, inconvenience and delay necessarily attendant to the litigation; and (4) the paramount interest of creditors and a proper deference to their reasonable views. *Id.*

Consideration of these factors does not require the Court to decide question of law or fact raised in the controversies sought to be settled, or determine that the compromise presented is the best possible outcome. Rather, the Court need only canvass the issues to determine whether the settlement falls "below the lowest point in the zone of reasonableness". *Newman v. Stein*, 464 F.2d 689, 698 (2d Cir. 1972), *cert. denied*, 409 U.S. 1039 (1972); S*ee Also In re Pennsylvania Truck Lines, Inc.*, 150 B.R. 595, 598 (Bankr. E.D. Pa. 1992) (holding that a bankruptcy court must consider these factors to see whether the settlement falls below the lowest point in the range of reasonableness.) Accordingly, if the court finds the compromise does not fall below the threshold of reasonableness, the compromise should be approved. *In re Planned Protective Services, Inc.*, 130 B.R. 94, 99 n.7 (Bankr. C.D. Cal. 1991).

The Trustee believes if the Claim were litigated, he would be successful, however the Claim is subject to defenses and is part of a mass action. Therefore, if litigated, defendant's defenses would reduce of eliminate the Claim. Further litigation may also increase fees associated with litigation, thereby reducing any recovery. Additionally, the Trustee recognizes the inherent risks associated with litigation, especially large construction defect actions like the Claim at hand. The Claim is part of a global settlement of claims. Special Counsel, given their familiarity of this case and knowledge with this type of litigation, recommended the Trustee accept this settlement offer proposed herein. Given the nature of the litigation, it is unclear if there would be collectability issues, but it is clear that the alleged defendant has a limited number of funds earmarked for this litigation and other claimants therein. Litigating the Claim would increase administrative expenses, be inconvenient, and would delay administration of the Estate. The Trustee believes the proposed settlement is in the best interest of the creditors and parties-in-interest of this Estate. The settlement provides funds for the benefit of creditors of the Estate while avoiding the costs associated with litigation of the matter.

As stated above, the parties had entered into a contingency fee agreement. Special Counsel understands that any final compensation must be approved by the Court pursuant to the provisions of 11 U.S.C. § 330. As set forth in the *Application to Employ Special Counsel on a Contingency Fee Basis and Declarations of Special* Counsel, Special Counsel does not hold any interest adverse to the Debtors or to the Estate with respect to the matter on which such attorney is to be employed within the meaning of 11 U.S.C. § 327(e). Therefore, Trustee respectfully request the fees and costs of Special Counsel be approved are more fully set forth above.

**WHEREFORE**, the Trustee respectfully request for an Order of this Court as follows:

A.    Approving the Motion on the terms set forth herein;

B.    Upon the terms of the Claim settlement being satisfied, the Net Settlement Amount of **$11,779.86** shall be distributed to "**Robert MacKenzie, Trustee**" and mailed directly to Robert A. MacKenzie;

C.    Special Counsel shall be permitted to retain their contingency fees in the amount of $8,421.34;

D.    Special Counsel shall be permitted to retain their costs in the amount of

$670.10;

E.   Special Counsel shall be permitted to pay the Expert Fees of $4,383.71;

F.   Trustee shall receive credit pursuant to 11 U.S.C. § 326 for any distributions made from the Gross Settlement Amount, except for any distributions to the Debtors (if any);

G.   For such other and further relief as the Court deems just and proper.

RESPECTFULLY SUBMITTED this 30th day of August, 2024.

**LANE & NACH, P.C.**

By     /s/ Helen K. Santilli
        Stuart B. Rodgers
        Helen K. Santilli
        *Attorneys for Trustee*

COPY of the foregoing delivered
via electronic mail to:

Kenneth L. Neeley
Neeley Law Firm, PLC
1120 S. Dobson Road, Suite 230
Chandler, Arizona 85283
Email: ecf@neeleylaw.com
*Attorney for Debtors*

Office of U.S. Trustee
230 North First Avenue
Phoenix, AZ 85003
Email: Patty.Chan@usdoj.gov

By: */s/ Aimee Bourassa*